Nash, J.
 

 The plaintiff is entitled to the decree which he asks’,' John B. Shaw died in the year 1816, and by will gave to his wife, Franky Shaw, during her life or widow*
 
 *54
 
 hood, a number of negroes, .among whom was a woman by the name of Isabel. By a.subsequent clause, he gives her absolutely, after -the death or marriage of his wife, to his daughter Polly Morgan. The bequest, then, of Isabel was of a life estate in her to the widow, with a remainder to Polly Morgan. This was a vested remainder, and in no way dependent upon Polly Morgan surviving her mother. It cannot be necessary .to .cite authorities to prove this.
 

 By the clause, the last but one in his will, the Testator directs, that nine of the negroes given to his wife, together with other ..property, shall be sold and the proceeds divided' among all his children. The widow, Mrs. Franky Shaw, died in the year 1851, and, immediately thereafter, the sale was made by tire defendant, High, as Executor of the will of John B. Shaw. This was also a vested remainder in the children of the testator, and the interest of Polly Morgan vested in her the possession, only awaiting the falling in of the life estate of Mrs. Morgan, who died in 1830 ; her husband, Lemuel Morgan, is still alive. Upon the death of a
 
 feme covert,
 
 her
 
 chases
 
 in action are to be reduced to possession by her personal representative, for the purpose of .paying her debts, if there be any, and for distributing the residue of the assets, as the-law directs. Her husband is entitled to take out administration upon her estate, and, after discharging all just claims upon it, holds the balance in his own right, the law deeming him her next .oí-kin, or not compellable to make distribution, 2nd BI. c. 515.
 

 Upon the death of Mrs. Morgan, it was the right of her husband, Mr. Lemuel Morgan, to administer upon her estate : but, during the existence of the widow of John B. Shaw, it was not necessary, for there was nothing to administer upon. As soon, however, as that event took place, the necessity arose, and the present plaintiff, with
 
 *55
 
 the consent of the husband, was duly appointed. He is entitled to a decree for the negro woman, Isabel, and all her increase since the death of John B. Shaw. It has long been the established law of this State, that the increase of slaves belongs to the remainder-man, and not to the tenant for life of the mother;
 
 Timms
 
 v
 
 Potter,
 
 1 Hay.
 
 234, Glasgow
 
 v Flowers, 1 Hay. 233, and
 
 Erwin
 
 v
 
 Kilpatrick,
 
 3 Hawks, 456. He is entitled to an account of the hires of the negroes since the death of Mrs. Shaw, and is also entitled to receive from the defendant, High, the share of Mrs. Morgan, in the sales of the slaves and other property,in which the widow of the testator had a life interest.
 

 It must be referred to the Clerk to take an account of the hire of the negroes from the time specified, and also of the amount of the sales made by the defendant.
 

 Per Curiam, Decreed accordingly.